GINSBURG v. ERLICH et al.

(Supreme Court, Appellate Term. November 11, 1910.)

SALES (§ 391*)—RETURN OF GOODS—QUANTUM VALEBANT.

    Defendants having sold certain goods to plaintiff, an agreement by one of the managers of defendants' store that plaintiff might return some of the goods was without consideration, and insufficient to sustain an action for the reasonable value of the goods returned.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. § 1120; Dec. Dig. § 391.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Jennie Ginsburg against Philip Erlich and another. From a judgment for plaintiff, defendants appeal. Reversed, and new trial granted.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Rudolph L. Cherurg, for appellants.
Elias Rosenthal, for respondent.

BIJUR, J.   The testimony in this case is so vague and confused as to be almost unintelligible.   It seems to show that defendants once sold goods to plaintiff during a number of years; that plaintiff claims to have returned some of these goods to defendants, and now seeks to hold them in respect of the goods returned as for "goods sold and delivered."   There is some evidence that a man by the name of Safir had some conversation with one of the defendants about returning goods, and that this particular defendant said he might do so.   Safir's authority to act for the plaintiff is probably intended to be indicated by the statement that he was one of the managers of her store.   But, apart from the vagueness of this supposed arrangement, there was no consideration for defendants' promise.   It is not just to predicate a recovery upon, or to assume that a cause of action can be proved by, evidence of the uncertain and unintelligible character disclosed in this record.   Alpern v. Hirsch, 56 Misc. Rep. 457, 107 N. Y. Supp. 8.

Judgment reversed, and new trial granted, with costs to appellants to abide the event.   All concur.